UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RASHAD W. WALSTON, | CIVIL ACTION |
| Plaintiff, | |
| v. | COMPLAINT 1:19-cv-00608 |
| AMERICAN EXPRESS COMPANY, and EQUIFAX INFORMATION SERVICES, LLC, | JURY TRIAL DEMANDED |
| Defendants. | |

## COMPLAINT

NOW comes RASHAD W. WALSTON ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of AMERICAN EXPRESS COMPANY ("Amex"), and EQUIFAX INFORMATION SERVICES, LLC ("Equifax") (collectively, "Defendants"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendants' violations of the Fair Credit Reporting Act ("FCRA") pursuant to 15 U.S.C. §1681 *et seq*.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FCRA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1681p, 28 U.S.C. §§1331 and 1337(a), as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendants conduct business in the Northern District of Illinois, and a substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

1

**PARTIES**

4. Plaintiff is a 39-year-old consumer residing in Chicago, Illinois, which is located within the Northern District of Illinois.

5. Amex is a multinational financial services corporation that specializes in marketing and selling a variety of financial products to consumers. Amex is a corporation organized under the laws of the state of New York with its principal place of business located at 200 Vesey Street, New York, New York. Amex regularly conducts business with consumers throughout the country, including Plaintiff. Amex also uses mail, telephone, and credit reporting for the principal purpose of collecting debts from consumers on a nationwide basis, including consumers in the State of Illinois. Furthermore, Amex is a furnisher of credit information to the major credit reporting agencies, including co-Defendant Equifax.

6. Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports and credit files to third parties bearing on a consumer's credit worthiness, credit standing, and credit capacity on a nationwide basis, including in the State of Illinois. Equifax's registered agent is located at 1550 Peachtree Street NW, Atlanta, Georgia.

7. Joinder of Plaintiff's claims against Defendants is proper under Fed. R. Civ. P. 20(a)(2) as the claims arise out of the same transaction, occurrence, or series of transactions or occurrences and common questions of law or fact will arise.

**FACTS SUPPORTING CAUSE OF ACTION**

8. Several years ago, Plaintiff received a line of credit from Amex.

9. Sometime after receiving the line of credit from Amex, Plaintiff defaulted on his obligations, thus incurring debt ("subject debt").

10. The subject debt was subsequently charged-off by Amex and was reported to the various credit bureaus, including Equifax.

11. Upon checking his Equifax report, Plaintiff made several requests, in writing, that Equifax correct certain information regarding the Amex account appearing on his credit report.

12. One such error included Amex reporting that Plaintiff had a $50.00 monthly payment due on the subject debt; however, the Amex account was reported as closed and Plaintiff never agreed to any payment schedule with Amex.

13. Consequently, on or about December 18, 2018, Plaintiff sent Equifax a letter disputing the inaccurate information on his credit report.

14. Upon information and belief, Amex received notice of Plaintiff's disputes within five days of Equifax's receipt of such dispute. *See* 15 U.S. Code §1681i(a)(2).

15. On or about January 3, 2019, Plaintiff received Equifax's response to his December 18, 2018 dispute.

16. Equifax responded by failing to reasonably investigate Plaintiff's dispute. Specifically, Equifax represented that its investigation revealed that the stated scheduled payment amount is being reported correctly, and so no changes were made to that field.

17. Any reasonable investigation engaged in by Equifax and/or Amex would and should have revealed the inaccuracy of the information on Plaintiff's credit report.

18. The reporting of the Amex trade line is patently inaccurate and materially misleading given the complete absence of any scheduled monthly payments between Amex and Plaintiff.

### IMPACT OF INACCURATE INFORMATION IN PLAINTIFF'S CREDIT FILE

19. The erroneous reporting of the subject account paints a false and damaging image of Plaintiff. Specifically, the inaccurate reporting of the subject account has had a significant adverse

impact on Plaintiff's credit rating and creditworthiness because it misleads creditors into believing that Plaintiff has outstanding monthly payments impacting any ability to meet potential future obligations.

20. The entire experience has imposed upon Plaintiff significant distrust, frustration, distress, and has rendered Plaintiff helpless as to his ability to regain a firm foothold on his creditworthiness, credit standing, and credit capacity.

21. As a result of the conduct, actions, and inaction of Defendants, Plaintiff has suffered various types of damages as set forth herein, including specifically, the loss of credit, the loss of ability to purchase and benefit from a credit line, certified mail expenses, and other frustration and aggravation associated with writing dispute letters, time and money expended meeting with his attorneys, tracking the status of his disputes, monitoring his credit file, and mental and emotional pain and suffering.

22. Moreover, Plaintiff was interested in purchasing a vehicle, so he applied for financing and was denied by several financing companies.

23. Plaintiff has further incurred out of pocket expenses in connection with acquiring copies of his credit reports, including the purchase of a comprehensive 3-in-1 report.

24. Due to the conduct of Defendants, Plaintiff was forced to retain counsel to correct the inaccuracies in his Equifax credit files.

### COUNT I - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
(AGAINST AMEX)

25. Plaintiff restates and realleges paragraphs 1 through 24 as though fully set forth herein.

26. Plaintiff is a "consumer" as defined by 15 U.S.C. §§1681a(b) and (c).

27. Amex is a "person" as defined by 15 U.S.C. §1681a(b).

4

28. Amex is a "furnisher of information" as defined by 15 U.S.C. §1681s-2 and a "financial institution" as defined by 15 U.S.C. §1681a(t).

29. At all times relevant, the above mentioned credit reports were "consumer reports" as the term is defined by §1681a(d)(1).

30. Amex violated 15 U.S.C. §1681s-2(b)(1)(A) by failing to conduct an investigation with respect to the disputed information after receiving requests for an investigation from Equifax and Plaintiff.

31. Amex violated 15 U.S.C. §1681s-2(b)(1)(B) by failing to review all relevant information, provided by Equifax and Plaintiff pursuant to 15 U.S.C. §1681i(a)(2).

32. Had Amex reviewed the information provided by Equifax and Plaintiff, it would have corrected the inaccurate representation as to monthly payments, and transmitted the correct information to Equifax. Instead, Amex wrongfully and erroneously confirmed its inaccurate reporting without conducting a reasonable investigation.

33. Amex violated 15 U.S.C. §1681s-2(b)(1)(C) by failing to report the results of the investigation or reinvestigation of Plaintiff's dispute with Equifax.

34. Amex violated 15 U.S.C. §1681s-2(b)(1)(C)-(D) by failing to report the results of its investigation or reinvestigation to Equifax after being put on notice and discovering inaccurate and misleading reporting with respect to the subject account.

35. Amex violated 15 U.S.C. §1681s-2(b)(1)(E) by failing to modify, delete, or permanently block the inaccurate information in Plaintiff's Equifax credit files.

36. Amex failed to conduct a reasonable investigation of its reporting of the subject account, record that the information was disputed, or delete the inaccurate information from Plaintiff's

Equifax credit files within 30 days of receiving notice of the disputes from Equifax under 15 U.S.C. §1681i(a)(1).

37. Despite the blatantly obvious errors in Plaintiff's Equifax credit files, and Plaintiff's efforts to correct the errors, Amex did not correct the errors or trade line to report accurately. Instead, Amex wrongfully furnished and re-reported the inaccurate and misleading information after Plaintiff's dispute to Equifax.

38. A reasonable investigation by Amex would have confirmed the veracity of Plaintiff's dispute, yet the inaccurate information remains in Plaintiff's Equifax credit files.

39. Had Amex taken steps to investigate Plaintiff's valid disputes or Equifax's requests for investigation, it would have permanently corrected the erroneous and misleading credit reporting.

40. By deviating from the standards established by the debt collection industry and the FCRA, Amex acted with reckless and willful disregard for its duty as a furnisher to report accurate and complete consumer credit information to Equifax.

WHEREFORE, Plaintiff, RASHAD W. WALSTON, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. An order directing Amex to immediately delete all of the inaccurate information from Plaintiff's credit reports and credit files;

c. Award Plaintiff actual damages, in an amount to be determined at trial, for each of the underlying FCRA violations;

d. Award Plaintiff statutory damages of $1,000.00 for each violation of the FCRA, pursuant to 15 U.S.C. §1681n;

e. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

 f. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §1681n and 15 U.S.C. §1681o; and

 g. Award any other relief as this Honorable Court deems just and appropriate.

### COUNT II - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
(AGAINST EQUIFAX)

41. Plaintiff restates and realleges paragraphs 1 through 40 as though fully set forth herein.

42. Equifax is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).

43. Equifax is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. §1681a(p).

44. At all times relevant, the above-referenced credit reports were "consumer reports" as that term is defined by §1681a(d).

45. At all times relevant, Plaintiff is a "consumer" as the term is defined by 15 U.S.C. §1681a(c).

46. The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

47. The FCRA requires that the credit reporting industry to implement procedures and systems to promote accurate credit reporting.

48. If a consumer notifies a credit reporting agency of a dispute concerning the accuracy of any item of credit information, the FCRA requires the credit reporting agency to reinvestigate free of charge and record the current status of the disputed information, or delete the item within 30 days of receiving the dispute. 15 U.S.C. §1681i(a)(1)(A).

49. Plaintiff provided Equifax with all relevant information in his December 18, 2018 request for investigation to reflect that he is no longer liable for the subject account.

7

50. Equifax prepared Plaintiff's credit reports containing inaccurate and materially misleading information by reporting the subject account as having a monthly payment due and owing, when in fact, Plaintiff had no agreement to make monthly payments to Amex.

51. Equifax violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in preparation of the consumer reports it furnished and refurnished regarding Plaintiff. Upon information and belief, Equifax prepared patently false and materially misleading consumer reports concerning Plaintiff.

52. Equifax violated 15 U.S.C. §1681i(a)(1) by failing to conduct a reasonable investigation to determine whether the disputed information was accurate and to subsequently delete or correct the information in Plaintiff's credit files.

53. Equifax violated 15 U.S.C. §1681i(a)(2) by failing to provide notification of Plaintiff's dispute to Amex. Upon information and belief, Equifax also failed to include all relevant information as part of the notice to Amex regarding Plaintiff's dispute that Equifax received from Plaintiff.

54. Equifax violated 15 U.S.C. §1681i(a)(4) by failing to review and consider all relevant information that it received from Plaintiff with regard to the subject account.

55. Equifax violated 15 U.S.C. §1681i(a)(5) by failing to delete or modify the inaccurate information that was the subject of Plaintiff's dispute.

56. Equifax violated 15 U.S.C. §1681i(a)(5)(B) by reporting disputed information without certification from Amex that the information was complete and accurate, and without sending notice of the re-reporting to Plaintiff.

57. Equifax knew that the inaccurate reporting of the subject account in Plaintiff's credit files under the Amex trade line as having an erroneous monthly payment due would have a significant adverse impact on Plaintiff's credit worthiness and his ability to receive financing.

58. The FCRA requires that the credit reporting industry implement procedures and systems to promote accurate credit reporting.

59. Despite actual knowledge that Plaintiff's credit files contained erroneous information, Equifax readily sold Plaintiff's inaccurate and misleading reports to one or more third parties, thereby misrepresenting material facts about Plaintiff and, ultimately, Plaintiff's creditworthiness.

60. By deviating from the standards established by the credit reporting industry and the FCRA, Equifax acted with a reckless disregard for its duties to report accurate and complete consumer credit information.

61. It is Equifax's regular business practice to continually report disputed information without taking the required investigatory steps to meaningfully verify such information as accurate.

62. Equifax's perpetual non-compliance with the requirements of the FCRA is indicative of the reckless, willful, and wanton nature of its conduct in maintaining Plaintiff's credit files and reporting his credit information accurately.

63. Equifax has exhibited a pattern of refusing to correct errors in consumer credit files despite being on notice of patently false and materially misleading information contained in such files, ultimately valuing its own bottom line above its significant responsibility to report accurate data on consumers.

64. As stated herein, Plaintiff was harmed by Equifax's conduct.

WHEREFORE, Plaintiff, RASHAD W. WALSTON, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. An order directing that Equifax immediately delete all of the inaccurate information from Plaintiff's credit reports and credit files;

c. Award Plaintiff actual damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

d. Award Plaintiff statutory damages of $1,000.00 for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

e. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

f. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. § 1681n and 15 U.S.C. §1681o; and

g. Award any other relief as this Honorable Court deems just and appropriate.

Dated: January 29, 2019                                   Respectfully submitted,

s/ Nathan C. Volheim (Lead Attorney)                      s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103                          Taxiarchis Hatzidimitriadis, Esq. #6319225
Counsel for Plaintiff                                     Counsel for Plaintiff
Admitted in the Northern District of Illinois             Admitted in the Northern District of Illinois
Sulaiman Law Group, Ltd.                                  Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200                       2500 South Highland Ave., Suite 200
Lombard, Illinois 60148                                   Lombard, Illinois 60148
(630) 568-3056 (phone)                                    (630) 581-5858 (phone)
(630) 575-8188 (fax)                                      (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                                  thatz@sulaimanlaw.com