**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| RASHAD W. WALSTON, | 1:19-cv-00608 |
| Plaintiff, | |
| v. | Honorable Judge Andrea R. Wood |
| AMERICAN EXPRESS COMPANY and EQUIFAX INFORMATION SERVICES, LLC, | Magistrate Judge Honorable Sidney I. Schenkier |
| Defendant. | |

**JOINT WRITTEN STATUS REPORT**

Pursuant to Fed. R. Civ. P. 26(f) and this Court's Case Management Procedures, the

parties submit the following Joint Initial Status Report.

1.      **Nature of the Case**

A.      Parties:

[1]For Plaintiff

**Nathan Charles Volheim** (Lead Attorney)
**Taxiarchis Hatzidimitriadis**
**Eric Donald Coleman**
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
Phone: 630-575-8181
Fax: 630-575-8188
Email: nvolheim@sulaimanlaw.com
Email: thatz@sulaimanlaw.com
Email: ecoleman@sulaimanlaw.com

For Defendant Equifax:

Rodney L. Lewis
Mary Kathryn Curry
Polsinelli, PC
150 North Riverside Plaza
Suite 3000
Chicago, IL 60606
Tel. (312) 819-1900
Fax (312) 819-1910
Email: rodneylewis@polsinelli.com
Email: mkcurry@polsinelli.com

---

[1] Plaintiff filed a Notice of Voluntary Dismissal without Prejudice as to American Express Company on March 26, 2019. [ Docket No. 9].

B.  Service:  Defendants have both executed waivers of service and responsive

pleadings are due April 1, 2019.

C.  Jurisdiction:  This action arises under and is brought pursuant to the Fair Credit

Reporting Act ("FCRA").  Subject matter jurisdiction is conferred upon this Court by 15 U.S.C

§1681 *et seq*. as the action arises under the laws of the United States.   There is diversity of

citizenship among the Parties.

D.  Claims Asserted, Counterclaims and Relief Sought:

Plaintiff brings Count I of his Complaint for numerous alleged violations of the FCRA.

Chiefly, Plaintiff asserts Defendant failed to comply with the provisions of the FCRA by

reporting inaccurate information and failing to conduct a reasonable investigation in response to

his dispute.  Plaintiff seeks statutory damages of up to $1,000.00 per violation of the FCRA

pursuant to, 15 U.S.C. §§1681n and 1681o. Additionally, Plaintiffs seeks payment of his actual

damages, in an amount to be determined.  Plaintiff seeks payment of his reasonable attorney fees

and costs under §§1681n and 1681o.

E.  Legal and Factual Issues:  Can Plaintiff meet his burden of proof to establish that

his credit file contained inaccurate information? Can Plaintiff meet his burden of proof to

establish that he submitted a dispute to Defendants?  Can Plaintiff meet his burden of proof to

establish that Defendants did not reasonably reinvestigate his dispute?  Can Plaintiff meet his

burden of proof to establish that, as a result, he suffered actual damages?  Can Plaintiff meet his

burden of proof to establish that his alleged actual damages are cognizable under the Fair Credit

Reporting Act?  Does Plaintiff's lack of mitigation, if any, preclude his recovery of his actual

damages? Do any of Defendants' defenses preclude Plaintiff's recovery of his actual damages?

Can

**2.      Mandatory Initial Discovery Pilot Program ("MIDP")**

      A.      The Parties acknowledge they are familiar with the MIDP Standing Order and will comply with the deadlines established by the same.

      B.      The Parties MIDP disclosures are due May 1, 2019.

**3.      Case Plan**

      A.      Pending Motions:  There are no pending motions.

      B.      Defendant's Responsive Pleading:  Defendants' responsive pleadings are due April 1, 2019.

      C.      Proposed Discovery Plan:

      i.      The Parties anticipate both written and oral discovery. The parties agree to the following numerical limitations on discovery: 25 interrogatories by any party to any other party; 25 requests for the production of documents by any party to any other party; 25 requests for admission by any party to any other party.  The parties agree to telephonic depositions of out-of-state witnesses, including FCRP 30(b)(6) witnesses. No party waives the right to attend a deposition in person, but costs and fees incurred therefore shall not be recoverable as they could have been avoided.

      ii.      The Parties do not anticipate a great deal of electronically stored information ("ESI") to be produced.  For the ESI that is produced the Parties agree that .pdf will be the default format; the parties further agree that documents stored in electronic format on offline, archived locations shall be deemed inaccessible for purposes of FCRP 26(b)(2)(B) and subject to cost-shifting if sought in discovery.

      iii.      The Parties do anticipate the need for a protective order, and agree to entry of the model protective order for the Northern District of Illinois.

iv.     The Parties will produce MIDP disclosures pursuant to the standing order. These disclosures supersede those required by FRCP 26(a)(1).  If Plaintiff discloses physical and/or emotional distress damages in his MIDP responses, within 14 days of service thereof he shall provide to Defendants an executed HIPPA compliant medical release and a list of all medical providers within the past 5 years.

v.     The Parties propose to complete fact discovery by January 17, 2020.

vi.     The Parties anticipate the need for expert discovery regarding damages. The Parties propose to complete expert discovery by February 28, 2020.

vii.     The Parties do not propose any changes to discovery limitations as imposed by the Federal Rules of Civil Procedure or Local Rules.

viii.     The Parties propose to file dispositive motions by March 31, 2020.

D.     Trial:

i.     Plaintiff has made a jury demand.

ii.     The parties initially estimate any trial not lasting longer than three days.

**3.     Settlement**

A.     Settlement Discussions: Plaintiff has recently tendered a settlement demand to Defendants.  Defendant Equifax has made a response to Plaintiff's settlement demand.

B.     Settlement Conference:  Plaintiff and Defendant Equifax are willing to participate in a settlement conference.

**4.     Magistrate Judge:**   Not all parties consent to proceed before a Magistrate Judge.

Dated: March 26, 2019

s/ Nathan Charles Volheim

Nathan C. Volheim, Esq.
*Counsel for Plaintiff*


/s/ Mary Kathryn Curry
Mary Kathryn Curry, Esq.
Counsel for Equifax